NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELLY ALTIERO, wife and the marital community comprised thereof; et al.,<br><br>    Plaintiffs - Appellants,<br><br> v.<br><br>COUNTY OF SPOKANE; JOHNATHAN DURBIN, Animal Protection Officer in both his individual and official capacity; Field Operations Manager ASHLEY PROSZEK, in both her individual and official capacity; OZZIE KNEZOVICH, Spokane County Sheriff; SPOKANE COUNTY REGIONAL ANIMAL PROTECTION SERVICE; SPOKANE COUNTY SHERIFF'S DEPARTMENT, Deputies' John and Jane Does 1-10 in both their official and individual capacities,<br><br>    Defendants - Appellees. | No. 25-1588<br><br>D.C. No.<br>2:22-cv-00211-RLP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Rebecca L. Pennell, District Judge, Presiding

---

   *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 3, 2026[]
Seattle, Washington

Before: HAWKINS, N.R. SMITH, and CHRISTEN, Circuit Judges.

Kelly Altiero appeals the district court's grant of summary judgment on her 42 U.S.C. § 1983 claims against Spokane County Regional Animal Protection Services Officer Johnathan Durbin and Field Operations Manager Ashley Proszek based on qualified immunity. Altiero also purports to appeal the district court's grant of summary judgment on her municipal liability claim based on negligent training and supervision against the County of Spokane, and her state law claims for defamation, trespass, and negligence.[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In reviewing whether an individual is entitled to summary judgment on the basis of qualified immunity, we must engage in a two-step inquiry asking first, "whether the facts, viewed in the light most favorable to the plaintiff, demonstrate that the [officers] violated a constitutional right," and second, "whether that right was 'clearly established' at the time of the alleged constitutional violation." *Peck v. Montoya*, 51 F.4th 877, 887 (9th Cir. 2022) (quoting *Tolan v. Cotton*, 572 U.S. 650,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Because Altiero fails to present any argument that the district court erred in granting summary judgment on her unlawful seizure, municipal liability, and various state law claims, those claims will not be considered. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

655–56 (2014) (per curiam)).  It is within our "sound discretion [to decide] which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

1.      The district court did not err in granting summary judgment on Altiero's unlawful search claim because even if Officer Durbin's actions constitute a search, Altiero fails to cite any precedent that would clearly establish her constitutional right at the time of the alleged constitutional violation.  *See Peck*, 51 F.4th at 887. [2]

2.      The district court did not err in granting summary judgment based on qualified immunity on Altiero's procedural due process claim under Wash. Rev. Code 16.52.085(2) (2020).   The district court correctly determined RCW 16.52.085(2) (2020) leaves it to the officer's discretion whether an examination by a veterinarian is necessary before seizure.  *See* RCW 16.52.085(2) (2020) ("the officer ***may*** authorize an examination of a domestic animal allegedly neglected or abused in violation of this chapter by a veterinarian" (emphasis added)).  Further, Altiero fails to cite any precedent that would clearly establish her constitutional right for this procedural due process claim.  *See Peck*, 51 F.4th at 887.

3.      The district court did not err in granting summary judgment based on

---

[2]  Altiero argues that the presence of "No Trespassing" signs takes away the implied license for a knock and talk, however there is no Supreme Court or Ninth Circuit precedent which would establish that constitutional argument.

qualified immunity on Altiero's procedural due process claim predicated on a failure to provide notice prior to the euthanization of the horse, "Melvin." Exercising our discretion to do so, we decide this claim at qualified immunity's second step because Altiero fails to cite any precedent that would clearly establish her constitutional right for this procedural due process claim. *See Peck*, 51 F.4th at 887.

**AFFIRMED.**